**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-5119**

─────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ERNEST PERRY,

              Defendant – Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00399-HEH-1)

─────────

Submitted:  September 10, 2010     Decided:  October 29, 2010

─────────

Before KING, AGEE, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Perry appeals his sentence of 115 months in prison and eight years of supervised release after pleading guilty to distributing five grams or more of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841, 860 (2006). On appeal, Perry contends that his 115-month prison sentence is substantively unreasonable, because it is greater than necessary to meet the purposes of sentencing.[*] We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances and giving "due deference to the district court's decision."

---

[*] Although he is represented by counsel, Perry has filed a pro se letter with this court requesting that we apply the "new guideline crack amendments" to his case. However, Perry was properly sentenced based on the guidelines in effect at the time that he was sentenced. See 18 U.S.C. § 3553(a)(4) (2006); U.S. Sentencing Guidelines Manual § 1B1.11(a) (Nov. 2009).

Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The district court properly determined that Perry's guideline range was 92 to 115 months based on a total offense level of twenty-three and criminal history category VI. Perry had seventeen criminal history points, even though many of his prior crimes were not assessed any points. Perry requested a sentence at the low end of the guideline range based on three reasons: the crack/powder disparity; "the fact that while the criminal history in this case is lengthy, Mr. Perry's most serious/violent crimes occurred when he was a juvenile"; and his post-offense rehabilitation while incarcerated.

After hearing from the parties, the district court commended Perry for the significant progress he had made while incarcerated, but explained that based on his criminal history, the court was not convinced of the likelihood that he would be rehabilitated as a result of a sentence at the low end of the guideline range. Moreover, the fact that he had been the one to request that the drug transaction take place within 1000 feet of a school was another negative consideration. Having considered the guidelines as advisory and the factors under 18 U.S.C. § 3553(a) (2006), the district court determined that a 115-month sentence was adequate but not longer than necessary to promote

3

respect for the law, provide deterrence, and protect the community. The district court further explained that while an upward variance or departure may have been warranted in his case, the court had decided not to sentence him outside his guideline range in light of his attorney's representations regarding the progress he had made during his period of confinement.

On appeal, Perry argues his sentence is substantively unreasonable because it is greater than necessary to serve the purposes of sentencing. Specifically, he contends the district court gave excessive weight to his prior convictions and "never seemed to consider or acknowledge that Mr. Perry's violent conduct occurred when he was a juvenile, almost twenty years prior." However, as noted by the Government, Perry continued to commit violent crimes after becoming an adult, including his convictions for breaking and entering, robbery, malicious wounding, and assault on a family member. Moreover, even though none of his juvenile offenses were assessed criminal history points, Perry still had seventeen points, and the district court was not limited to considering his violent offenses.

Perry also argues the district court was "dismissive of arguments made by counsel concerning the fact that this was a crack case involving only 5.1 grams of crack cocaine" and "never explained in detail why a sentence of 115 months instead of a

4

sentence of 92 months was required in this case." However, the Government argued that this was a serious offense because it took place at a school putting children at risk, distribution of crack cocaine was a significant problem in the area, and other violent crimes were associated with the offense. The district court explained the fact that Perry requested that the drug transaction take place at a school was a negative consideration, that the court was not convinced he would be rehabilitated as a result of a sentence at the low end of the guidelines, and the court believed a 115-month sentence was adequate but not longer than necessary to promote respect for the law, provide for deterrence, and protect the community. Based on a totality of the circumstances, and giving due deference to the district court's decision, we conclude that the sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5